UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUZANNE MERRILL, | : | |
| | : | CASE NO. |
| Plaintiff, | : | |
| | : | |
| v | : | |
| | : | |
| FREDERICK L. HYMAN, KENNETH M. | : | |
| HYMAN, DEAN F. HYMAN, MARK S. | : | |
| HYMAN, and RICHARD E. HYMAN | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Suzanne Merrill ("Plaintiff"), for her complaint against the defendants, Frederick L. Hyman, Kenneth M. Hyman, Dean F. Hyman, Mark S. Hyman, and Richard E. Hyman (collectively "Defendants") alleges as follows:

## NATURE OF THE ACTION

1.  This is an action seeking declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.  Plaintiff, as successor in interest to her late husband, Bob Merrill, seeks a determination, pursuant to 17 U.S.C. §304(c), that she timely, properly, and effectively terminated the grant made by Bob Merrill to the late Eliot Hyman and The

Hyman Trusts (the "Original Hyman Parties") in an Agreement dated December 19, 1963 (the "1963 Agreement").  A true copy of the 1963 Agreement is attached hereto as Exh. A and made a part hereof.

## THE PARTIES

2.  Plaintiff is an individual residing in Florida.

3.  All Defendants are individuals residing in the State of Connecticut.  Plaintiff is informed and believes that Defendants are successors in interest to the Original Hyman Parties with respect to the 1963 Agreement.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C §1338(a), as an action arising under 17 U.S.C. §101, *et seq.* pertaining to copyrights.

5.  An actual controversy between Plaintiff and Defendants exists within the meaning of 28 U.S.C. §2201 regarding whether Plaintiff, pursuant to 17 U.S.C. §304(c), timely, properly, and effectively terminated the grant made by Bob Merrill to the Original Hyman Parties in the 1963 Agreement.

6.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that Plaintiff resides in Florida, and all Defendants reside in Connecticut.

### FACTUAL ALLEGATIONS

7.    Prior to December 19, 1963, Bob Merrill was engaged to write and subsequently wrote the lyrics to each of the musical compositions included in the score of the dramatico-musical stage play entitled "Funny Girl".   Those musical compositions are listed in the Notice of Termination attached hereto as Exh. B and made a part hereof (the "Compositions").   The music to the Compositions was composed by Jule Styne.  Bob Merrill and Jule Styne were, respectively, the author and composer, and the co-copyright proprietors of the Compositions.

8.   By virtue of his copyright proprietorship of the Compositions, under the U.S. Copyright Act, Bob Merrill was entitled to certain rights, including specifically and without limitation, the right to receive certain copyright royalties derived from certain exploitation of the copyrighted Compositions.

9.   Bob Merrill entered into the 1963 Agreement with the Original Hyman Parties and therein made the grant to the Original Hyman Parties of a portion of his rights under copyright to receive certain copyright royalties derived from certain exploitation of the copyrighted Compositions (the "Grant").

10.   Beginning December 19, 1963, the Original Hyman Parties, and their successors in interest, received the portion of Bob Merrill's right under copyright to receive certain copyright royalties under the Grant.

11.   Bob Merrill passed away in February 1998.   Plaintiff, his widow without children, became, and remains today the sole legal successor in interest in and to all of what were Bob Merrill's rights and interests in and to all of his assets, including specifically and without limitation, his copyright interests and rights in and to the copyrighted Compositions of *Funny Girl.*

12.   17 U.S.C. §304(c) provides that after a period of fifty-six (56) years from the date of securing a copyright which existed in either its first or renewable term as of January 1, 1978, the author, or if the author is deceased, his widow, has the absolute, inalienable right to terminate an exclusive or nonexclusive grant of a transfer or license of the renewable copyright, or any rights under it, for a period of five (5) years beginning at the end of fifty-six (56) years from the date copyright was originally secured.

13.   In the summer of 2015, Plaintiff was informed and believed that the then successors in interest to the Grant made by Bob Merrill to the Original Hyman Parties

under the 1963 Agreement were Walter E. Hyman, Frederick L. Hyman, and Kenneth M. Hyman.

14.   Therefore, on September 4, 2015, Plaintiff, pursuant to 17 U.S.C. §304(c), executed and served upon Walter E. Hyman, Frederick L. Hyman, and Kenneth M. Hyman a Notice of Termination terminating the Grant, effective December 25. 2020. Plaintiff caused the Notice of Termination to be recorded in the U.S. Copyright Office on September 10, 2015.  A true copy of the Notice of Termination is attached hereto and marked Exh. B and made a part hereof.

15.   Subsequent to the December 25, 2020 effective date of the Notice of Termination, in early January, 2021, Plaintiff was informed and believed that the Defendants named herein are successors in interest to the Grant made to the Original Hyman Parties under the 1963 Agreement.

16.   On January 20, 2021, counsel to Plaintiff, on Plaintiff's behalf, sent a letter to the Defendants demanding that they, *inter alia*, confirm that the Grant was terminated effective December 25, 2020.  A true copy of the letter is attached hereto marked Exh. C and made a part hereof.

17.  On January 27, 2021, counsel to Plaintiff received an email from Richard E. Hyman which rejected and refused counsel's demand for confirmation.  A true copy of the email is attached hereto marked Exh. D and made a part hereof.

## COUNT ONE
## DECLARATORY JUDGMENT

18.  Plaintiff repeats, repleads, and incorporates all of the allegations set forth in Paragraphs 1 through 17 above, as though fully set forth herein.

19.  There is a genuine and bona fide dispute and an actual controversy and disagreement between Plaintiff and Defendants as to whether Plaintiff timely, properly, and effectively terminated the Grant.

20.  Plaintiff contends as follows:

A.  Pursuant to the provisions of 17 U.S.C. §304(c), Plaintiff, as the widow of Bob Merrill, owns Bob Merrill's entire termination interest in the copyrights to the Compositions identified in Exh. B hereto;

B.  Paragraph 1 of the 1963 Agreement, as modified by Paragraph 6 of the 1963 Agreement, granted the Original Hyman Parties an interest in the copyrights of the Compositions provided they were combined for usage in the dramatico-musical stage play entitled "Funny Girl";

C.   Accordingly, the Grant was a grant by Bob Merrill of a portion of the exclusive rights in the copyrights of the Compositions specified in 17 U.S.C. §§ 106(4) and 106(5) in that it was a grant of rights in dramatic works; and

D.   Pursuant to 17 U.S.C. §304(c)(6), all of Bob Merrill's rights under 17 U.S.C. §106 that were granted by the 1963 Agreement reverted to and were recaptured by Plaintiff on December 25, 2020.

21.   Plaintiff is informed and believes that Defendants deny the effectiveness of the Notice of Termination and claim that they still possess the rights granted in the 1963 Agreement on the basis that the Grant was not a grant of interests in the copyrights of the Compositions.

22.   Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff requests that the Court issue a declaration that pursuant to 17 U.S.C. §304(c), Plaintiff has timely, properly, and effectively terminated the Grant and therefore has now recaptured and owns all rights granted to the Original Hyman Parties by the Grant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

1.   For a Declaratory Judgment declaring that Plaintiff timely, properly, and effectively terminated the Grant;

2.   For a declaration that as of December 25, 2020, Plaintiff recaptured ownership and now owns of all rights granted in the 1963 Agreement;

3.   For a declaration that Defendants have no further rights under the 1963 Agreement;

4.   For costs of suit incurred herein; and

5.   For such other and further relief this Court deems just and proper.

Dated:  April 19, 2021.

THE PLAINTIFF,
SUZANNE MERRILL


By_____
ALAN NEIGHER - ct00134
SHERYLE S. LEVINE - ct04388
1804 Post Road East
Westport, CT 06880
Tel.: 203/259-0599
aneigher41@gmail.com
sherylelevine@yahoo.com

CLAIR G. BURRILL
501 S. Reino Road
Suite 300
Thousand Oaks, CA  91320
Tel.: 805/320-5941
clairburrill@gmail.com

ROBERT S. BESSER
100 Wilshire Boulevard
Suite 700
Santa Monica, CA  90401
Tel.: 310/394-6611
rsbesser@aol.com

*(applications for admission pro hac vice pending)*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

AGREEMENT  made this 19th day of December, 1963, between BOB MERRILL ("Merrill") and ELIOT HYMAN and The Hyman Trusts (hereinafter jointly referred to as "Hyman").

W I T N E S S E T H:

WHEREAS  Merrill has heretofore entered into certain agreements with FUNNY GIRL-JOINT VENTURE and/or the FB Company under which he is to be the lyricist for the musical play entitled "Funny Girl" for which he is to receive royalties, percentage compensation, rights and other compensation in various forms, and

WHEREAS  Merrill desires to sell, deliver and assign to Hyman an undivided two-thirds of his interest in all royalties, percentage compensation, rights and other compensation derived by him from the results and proceeds of any and all services rendered by him in connection with "Funny Girl" with certain exceptions as hereinafter set forth,

NOW, THEREFORE,  in consideration of the mutual covenants herein contained the parties do hereby agree as follows:

1. Merrill hereby sells, assigns and delivers to Hyman, an undivided two-thirds of his interest in, to and under his right to receive such royalties, percentage compensation, rights and other compensation, including, but not limited to, all compensation derived from any source whatever in and in connection with "Funny Girl" and music therefrom (except as specifically hereinafter set forth) whether

IN THE FORM OF ROYALTIES, PERCENTAGES OF GROSS BUSINESS IN THEATRES,
PAYMENTS ON ACCOUNT OF THE SALE OF MOTION PICTURE RIGHTS AND THE
PRODUCTION THEREOF, THE SALE OF TELEVISION RIGHTS AND THE PRODUCTION
THEREFOR (WHETHER LIVE OR NOT LIVE), PHONOGRAPH ALBUM RIGHTS (EXCEPT
THE MECHANICAL RIGHTS RESERVED TO THE PUBLISHER AND MERRILL), AND TO
ALL SUCH COMPENSATION ON ACCOUNT OF ROAD SHOWS AND ALL SUBSEQUENT
PRODUCTIONS INCLUDING AMATEUR PRODUCTIONS OR IN ANY OTHER FORM.

2.  AS PAYMENT THEREFOR, HYMAN AGREES TO PAY TO MERRILL
THE TOTAL SUM OF $75,000 TOGETHER WITH $7,500 COMMISSIONS TO MERRILL'S
AGENT, THE WILLIAM MORRIS AGENCY, PAYABLE AS FOLLOWS:

(A)  $25,000 TO MERRILL UPON THE EXECUTION OF THIS
AGREEMENT.

(B)  $50,000 TO MERRILL ~~ON JANUARY 25, 1964, OR EARLIER~~ $\not{p}$ $\not{M}$
WHEN THE MINIMUM BASIC AGREEMENT IS EXECUTED BUT NO EARLIER
THAN JANUARY 5, 1964.

(C)  $7,500 TO THE WILLIAM MORRIS AGENCY ~~ON JANUARY 5, 1964.~~ as in 2(B).
$\not{M}$ BM

PAYMENT OF THE TOTAL SUM OF $82,500 AS AFORESAID SHALL CONSTITUTE THE
ENTIRE OBLIGATION OF HYMAN, ANY AGREEMENTS BETWEEN MERRILL AND ANY OTHER
PARTIES NOTWITHSTANDING, IT BEING UNDERSTOOD THAT HYMAN ASSUMES NONE OF
MERRILL'S OBLIGATIONS IN CONNECTION WITH "FUNNY GIRL".

3.  HYMAN SHALL IN NO CASE BE DEEMED TO BE A PARTNER, AGENT
OR JOINT VENTURER OF MERRILL.

4.  NOTWITHSTANDING THE FACT THAT HYMAN IS PURCHASING ONLY
AN UNDIVIDED TWO_THIRDS OF MERRILL'S INTEREST IN THE RIGHTS REFERRED TO
IN PARAGRAPH "1" ABOVE, MERRILL AGREES THAT 100% OF SUCH ROYALTIES,
PERCENTAGE COMPENSATION, RIGHTS AND OTHER COMPENSATION SHALL BE PAYABLE
TO HYMAN UNTIL HE HAS RECEIVED THE TOTAL SUM OF $82,500.

OR ABOUT TO RECEIVE BM $\not{M}$

5.  MERRILL, HAVING HERETOFORE RECEIVED FROM THE PRODUCER OF

"FUNNY GIRL" A $5,000 ADVANCE AGAINST ROYALTIES, HE FURTHER AGREES THAT 100% OF THE FIRST $10,000 RECEIVED ON ACCOUNT OF THE ROYALTIES, PERCENTAGE COMPENSATION, RIGHTS AND OTHER COMPENSATION RIGHTS SET FORTH IN PARAGRAPH "1" FOLLOWING THE AFOREMENTIONED PAYMENT OF $82,500 TO HYMAN, SHALL ALSO BE PAYABLE TO HYMAN. THEREAFTER, THE SAME SHALL BE PAYABLE TWO-THIRDS TO HYMAN AND ONE-THIRD TO MERRILL.

6. MERRILL SPECIFICALLY RESERVES TO HIMSELF AND DOES NOT HEREBY SELL, ASSIGN AND DELIVER TO HYMAN, THE SOLE RIGHT TO DISPOSE OF THE PRINTED PUBLICATION, SHALL PERFORMING, MECHANICAL AND SYNCHRONIZATION RIGHTS OF THE SEPARATE MUSIC AND LYRICS (AS DISTINGUISHED FROM USE OF THE SAME IN A DRAMATIC WAY OR AS PART OF THE PRODUCTION OR DISPOSITION OF "FUNNY GIRL" OR ANY VERSION THEREOF) AND TO RETAIN ALL ROYALTIES AND PROCEEDS THEREFROM AND TO RETAIN THE COPYRIGHT TO SEPARATE MUSICAL COMPOSITIONS, AND ANY OTHER MUSIC PUBLISHING RIGHTS RESERVED BY MERRILL UNDER THE MINIMUM BASIC AGREEMENT BETWEEN MERRILL AND THE FB COMPANY.

7. MERRILL AGREES TO ADVISE THE DRAMATISTS GUILD AND ANY AND ALL OTHER PERSONS OR ORGANIZATIONS WHO ARE OR MAY BECOME LIABLE AS AGENTS OR OTHERWISE TO RECEIVE, COLLECT, PAY OR DISBURSE MONEY TO OR ON BEHALF OF MERRILL ON ACCOUNT OF HIS PARTICIPATION IN "FUNNY GIRL" OF THE TERMS OF THIS AGREEMENT AND TO ISSUE APPROPRIATE IRREVOCABLE INSTRUCTIONS TO SUCH PERSONS TO PAY OR DISBURSE ALL FUNDS RECEIVED IN ACCORDANCE WITH THIS AGREEMENT. MERRILL FURTHER AGREES TO ADVISE THE DRAMATISTS GUILD AND SUCH OTHER PERSON OR ORGANIZATIONS TO FURNISH HYMAN WITH A DUPLICATE COPY OF ALL STATEMENTS FURNISHED TO MERRILL. SUCH FUNDS AND STATEMENTS SHALL BE SENT TO HYMAN, C/O SAM HAIMS, 200 PARK AVENUE, NEW YORK 17, NEW YORK, OR AT SUCH OTHER ADDRESS AS MAY HEREAFTER BE DESIGNATED BY HYMAN IN WRITING.

- 3 -

8. WITH RESPECT TO ANY RIGHTS OWNED OR HEREAFTER TO BE OWNED BY MERRILL ON ACCOUNT OF HIS PARTICIPATION IN "FUNNY GIRL" (OTHER THAN THOSE SET FORTH IN PARAGRAPH "6" HEREOF), MERRILL AGREES TO EXERCISE (OR NOT TO EXERCISE) THEM, ONLY WITH THE CONSENT OF HYMAN. MERRILL, HOWEVER, RESERVES ALL RIGHTS OF ARTISTIC APPROVAL AND CONSENT GIVEN TO HIM AS AUTHOR UNDER THE MINIMUM BASIC PRODUCTION CONTRACT WITH FUNNY GIRL-JOINT VENTURE AS WELL AS HIS RIGHTS TO LIVING AND TRAVELING EXPENSES AND TO RECEIVE HOUSE SEATS.

9. MERRILL AGREES NOT TO PART WITH ANY PORTION OF HIS RE-MAINING ONE-THIRD INTEREST DURING HIS LIFETIME (OTHER THAN WITH RESPECT TO RIGHTS RESERVED BY MERRILL IN PARAGRAPH "6" HEREOF) WITHOUT THE CON-SENT OF HYMAN, WHICH CONSENT SHALL NOT BE UNREASONABLY WITHHELD.

10. IT IS INTENDED THAT HYMAN'S OBLIGATIONS SHALL CONTINE TO HYMAN'S LEGAL REPRESENTATIVES, BEYOND HYMAN'S DEATH.

11. MERRILL AND HYMAN AGREE TO KEEP BOOKS AND RECORDS REFLECTING INCOME RECEIVED ON ACCOUNT OF THE RIGHTS SET FORTH IN PARAGRAPH "I" HEREOF AND TO MAKE THE SAME AVAILABLE FOR INSPECTION BY EACH OTHER/A DESIGNATED AGENT.

12. THIS AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT BETWEEN THE PARTIES HERETO AND SUPERSEDES ALL PRIOR MEMORANDA, CORRESPONDENCE, CONVERSATIONS AND NEGOTIATIONS. THIS AGREEMENT SHALL NOT BE MODIFIED OR AMENDED EXCEPT BY A WRITTEN INSTRUMENT, EXECUTED BY THE PARTIES HERETO.

-4-

IN WITNESS WHEREOF  the parties hereto have set their hands
and seals as of the day and year first above written.

_Bob Merrill_
Bob Merrill

_Eliot Hyman_
Eliot Hyman

_Samuel H. Haims_
Samuel H. Haims, Trustee
under The Hyman Trusts

STATE OF NEW YORK      )
                       : SS.:
COUNTY OF NEW YORK     )

On this 19th day of December, 1963, before me personally
appeared BOB MERRILL, to me known and known to me to be one of the
persons mentioned and described in, and who executed the foregoing
instrument, and he duly acknowledged to me that he executed the same.

_Morton H. Smithline_
Notary Public

MORTON H. SMITHLINE
Notary Public, State of New York
No. 31-3743.15
Qualified in New York County
Commission Expires March 30, 1965

STATE OF NEW YORK      )
                       : SS.:
COUNTY OF NEW YORK     )

On this 19th day of December, 1963, before me personally
appeared ELIOT HYMAN, to me known and known to me to be one of the
persons mentioned and described in, and who executed the foregoing
instrument, and he duly acknowledged to me that he executed the same.

_Morton H. Smithline_
Notary Public

MORTON H. SMITHLINE
Notary Public, State of New York
No. 31-3748715
Qualified in New York County
Commission Expires March 30, 1965

- 5 -

STATE OF NEW YORK )
: SS.:
COUNTY OF NEW YORK )

On this 19th day of December, 1963, before me personally appeared SAM HAINS AS TRUSTEE OF THE HYMAN TRUSTS, to me known and known to me to be one of the persons mentioned and described in, and who executed the foregoing instrument, and he duly acknowledged to me that he executed the same.

_____
Notary Public

MORTON H. SMITHLIN
Notary Public, State of New Y...
No. 31-3743715
Qualified in New York Coun...
Commission Expires March 30, 19...

- 6 -

AGREEMENT  made this 19th day of December, 1963, between BOB MERRILL ("Merrill") and ELIOT HYMAN and The Hyman Trusts (hereinafter jointly referred to as "Hyman").

W I T N E S S E T H:

WHEREAS  Merrill has heretofore entered into certain agreements with FUNNY GIRL-JOINT VENTURE and/or the FB Company under which he is to be the lyricist for the musical play entitled "Funny Girl" for which he is to receive royalties, percentage compensation, rights and other compensation in various forms, and

WHEREAS  Merrill desires to sell, deliver and assign to Hyman an undivided two-thirds of his interest in all royalties, percentage compensation, rights and other compensation derived by him from the results and proceeds of any and all services rendered by  im  in connection with "Funny Girl" with certain exceptions as hereinafter set forth,

NOW, THEREFORE,  in consideration of the mutual covenants herein contained the parties do hereby agree as follows:

1.  Merrill hereby sells, assigns and delivers to Hyman, an undivided two-thirds of his interest in, to and under his right to receive such royalties, percentage compensation, rights and other compensation, including, but not limited to, all compensation derived from any source whatever in and in connection with "Funny Girl" and music therefrom (except as specifically hereinafter set forth) whether

IN THE FORM OF ROYALTIES, PERCENTAGES OF GROSS BUSINESS IN THEATRES, PAYMENTS ON ACCOUNT OF THE SALE OF MOTION PICTURE RIGHTS AND THE PRODUCTION THEREOF, THE SALE OF TELEVISION RIGHTS AND THE PRODUCTION THEREFOR (WHETHER LIVE OR NOT LIVE), PHONOGRAPH ALBUM RIGHTS (EXCEPT THE MECHANICAL RIGHTS RESERVED TO THE PUBLISHER AND MERRILL), AND TO ALL SUCH COMPENSATION ON ACCOUNT OF ROAD SHOWS AND ALL SUBSEQUENT PRODUCTIONS INCLUDING AMATEUR PRODUCTIONS OR IN ANY OTHER FORM.

2. AS PAYMENT THEREFOR, HYMAN AGREES TO PAY TO MERRILL THE TOTAL SUM OF $75,000 TOGETHER WITH $7,500 COMMISSIONS TO MERRILL'S AGENT, THE WILLIAM MORRIS AGENCY, PAYABLE AS FOLLOWS:

(A) $25,000 TO MERRILL UPON THE EXECUTION OF THIS AGREEMENT.

(B) $50,000 TO MERRILL ON JANUARY 5, 1964, OR EARLIER WHEN THE MINIMUM BASIC AGREEMENT IS EXECUTED BUT NO EARLIER THAN JANUARY 5, 1964.

(C) $7,500 TO THE WILLIAM MORRIS AGENCY ON JANUARY 5, 1964.

PAYMENT OF THE TOTAL SUM OF $82,500 AS AFORESAID SHALL CONSTITUTE THE ENTIRE OBLIGATION OF HYMAN, ANY AGREEMENTS BETWEEN MERRILL AND ANY OTHER PARTIES NOTWITHSTANDING, IT BEING UNDERSTOOD THAT HYMAN ASSUMES NONE OF MERRILL'S OBLIGATIONS IN CONNECTION WITH "FUNNY GIRL".

3. HYMAN SHALL IN NO CASE BE DEEMED TO BE A PARTNER, AGENT OR JOINT VENTURER OF MERRILL.

4. NOTWITHSTANDING THE FACT THAT HYMAN IS PURCHASING ONLY AN UNDIVIDED TWO-THIRDS OF MERRILL'S INTEREST IN THE RIGHTS REFERRED TO IN PARAGRAPH "1" ABOVE, MERRILL AGREES THAT 100% OF SUCH ROYALTIES, PERCENTAGE COMPENSATION, RIGHTS AND OTHER COMPENSATION SHALL BE PAYABLE TO HYMAN UNTIL HE HAS RECEIVED THE TOTAL SUM OF $82,500.

5. MERRILL, HAVING HERETOFORE RECEIVED FROM THE PRODUCER OF

"FUNNY GIRL" A $5,000 ADVANCE AGAINST ROYALTIES, HE FURTHER AGREES THAT

100% OF THE FIRST $10,000 RECEIVED ON ACCOUNT OF THE ROYALTIES, PERCENTAGE

COMPENSATION, RIGHTS AND OTHER COMPENSATION RIGHTS SET FORTH IN PARAGRAPH

"1" FOLLOWING THE AFOREMENTIONED PAYMENT OF $82,500 TO HYMAN, SHALL ALSO

BE PAYABLE TO HYMAN.  THEREAFTER, THE SAME SHALL BE PAYABLE TWO-THIRDS TO

HYMAN AND ONE-THIRD TO MERRILL.

6.  MERRILL SPECIFICALLY RESERVES TO HIMSELF AND DOES NOT HEREBY

SELL, ASSIGN AND DELIVER TO HYMAN, THE SOLE RIGHT TO DISPOSE OF THE PRINTED

PUBLICATION, SMALL PERFORMING, MECHANICAL AND SYNCHRONIZATION RIGHTS OF

THE SEPARATE MUSIC AND LYRICS (AS DISTINGUISHED FROM USE OF THE SAME IN

A DRAMATIC WAY OR AS PART OF THE PRODUCTION OR DISPOSITION OF "FUNNY GIRL"

OR ANY VERSION THEREOF) AND TO RETAIN ALL ROYALTIES AND PROCEEDS THEREFROM

AND TO RETAIN THE COPYRIGHT TO SEPARATE MUSICAL COMPOSITIONS, AND ANY OTHER

MUSIC PUBLISHING RIGHTS RESERVED BY MERRILL UNDER THE MINIMUM BASIC AGREEMENT

BETWEEN MERRILL AND THE FB COMPANY.

7.  MERRILL AGREES TO ADVISE THE DRAMATISTS GUILD AND ANY AND

ALL OTHER PERSONS OR ORGANIZATIONS WHO ARE OR MAY BECOME LIABLE AS AGENTS

OR OTHERWISE TO RECEIVE, COLLECT, PAY OR DISBURSE MONEY TO OR ON BEHALF OF

MERRILL ON ACCOUNT OF HIS PARTICIPATION IN "FUNNY GIRL" OF THE TERMS OF

THIS AGREEMENT AND TO ISSUE APPROPRIATE IRREVOCABLE INSTRUCTIONS TO SUCH

PERSONS TO PAY OR DISBURSE ALL FUNDS RECEIVED IN ACCORDANCE WITH THIS

AGREEMENT.  MERRILL FURTHER AGREES TO ADVISE THE DRAMATISTS GUILD AND

SUCH OTHER PERSON OR ORGANIZATIONS TO FURNISH HYMAN WITH A DUPLICATE COPY

OF ALL STATEMENTS FURNISHED TO MERRILL.  SUCH FUNDS AND STATEMENTS SHALL

BE SENT TO HYMAN, C/O SAM HAIMS, 200 PARK AVENUE, NEW YORK 17, NEW YORK,

OR AT SUCH OTHER ADDRESS AS MAY HEREAFTER BE DESIGNATED BY HYMAN IN

WRITING.

- 3 -

8.  WITH RESPECT TO ANY RIGHTS OWNED OR HEREAFTER TO BE OWNED BY MERRILL ON ACCOUNT OF HIS PARTICIPATION IN "FUNNY GIRL" (OTHER THAN THOSE SET FORTH IN PARAGRAPH "6" HEREOF), MERRILL AGREES TO EXERCISE (OR NOT TO EXERCISE) THEM, ONLY WITH THE CONSENT OF HYMAN. MERRILL, HOWEVER, RESERVES ALL RIGHTS OF ARTISTIC APPROVAL AND CONSENT GIVEN TO HIM AS AUTHOR UNDER THE MINIMUM BASIC PRODUCTION CONTRACT WITH FUNNY GIRL-JOINT VENTURE AS WELL AS HIS RIGHTS TO LIVING AND TRAVELING EXPENSES AND TO RECEIVE HOUSE SEATS.

9.  MERRILL AGREES NOT TO PART WITH ANY PORTION OF HIS RE-MAINING ONE-THIRD INTEREST DURING HIS LIFETIME (OTHER THAN WITH RESPECT TO RIGHTS RESERVED BY MERRILL IN PARAGRAPH "6" HEREOF) WITHOUT THE CON-SENT OF HYMAN, WHICH CONSENT SHALL NOT BE UNREASONABLY WITHHELD.

10.  IT IS INTENDED THAT ~~HYMAN'S~~ *MERRILL'S* OBLIGATIONS SHALL CONTINE TO HYMAN'S LEGAL REPRESENTATIVES, *BEYOND   HYMAN'S   DEATH.*   BM  M

11.  MERRILL AND HYMAN AGREE TO KEEP BOOKS AND RECORDS REFLECTING INCOME RECEIVED ON ACCOUNT OF THE RIGHTS SET FORTH IN PARAGRAPH "1" HEREOF AND TO MAKE THE SAME AVAILABLE FOR INSPECTION BY EACH OTHER *OR BY* A DESIGNATED AGENT.

12.  THIS AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT BETWEEN THE PARTIES HERETO AND SUPERSEDES ALL PRIOR MEMORANDA, CORRESPONDENCE, CONVERSATIONS AND NEGOTIATIONS.  THIS AGREEMENT SHALL NOT BE MODIFIED OR AMENDED EXCEPT BY A WRITTEN INSTRUMENT, EXECUTED BY THE PARTIES HERETO.

-4-

IN WITNESS WHEREOF  the parties hereto have set their hands
and seals as of the day and year first above written.

_(signature)_
Bob Merrill

_(signature)_
Eliot Hyman

_(signature)_
Samuel H. Haims, Trustee
under The Hyman Trusts

STATE OF NEW YORK )
                      : SS.:
COUNTY OF NEW YORK )

On this 19th day of December, 1963, before me personally
appeared BOB MERRILL, to me known and known to me to be one of the
persons mentioned and described in, and who executed the foregoing
instrument, and he duly acknowledged to me that he executed the same.

_(signature)_
Notary Public

MORTON H. SMITHLINE
Notary Public, State of New York
No. 31-3753.15
Qualified in New York County
Commission Expires March 30, 1965

STATE OF NEW YORK )
                      : SS.:
COUNTY OF NEW YORK )

On this 19th day of December, 1963, before me personally
appeared ELIOT HYMAN, to me known and known to me to be one of the
persons mentioned and described in, and who executed the foregoing
instrument, and he duly acknowledged to me that he executed the same.

_(signature)_
Notary Public

MORTON H. SMITHLINE
Notary Public, State of New York
No. 31-3748715
Qualified in New York County
Commission Expires March 30, 1965

- 5 -

STATE OF NEW YORK    )
                       : SS.:
COUNTY OF NEW YORK   )

On this 19th day of December, 1963, before me personally appeared SAM HAIMS AS TRUSTEE OF THE HYMAN TRUSTS, to me known and known to me to be one of the persons mentioned and described in, and who executed the foregoing instrument, and he duly acknowledged to me that he executed the same.

                                         _____
                                               Notary Public

MORTON H. SMITHLINE
Notary Public, State of New York
No. 31-57-63715
Qualified in New York County
Commission Expires March 30, 1965

- 6 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

## NOTICE OF TERMINATION

TO: **WALTER E. HYMAN**
1801 Washington Blvd. NW
Lake Placid, FL 33852

**FREDERICK L. HYMAN**
38 Eleven o'Clock Road
Weston, CT 06883

**KENNETH M. HYMAN**
c/o Susan L. Neville, CPA
830 Poast Road East
Westport, CT 06880

     **PLEASE TAKE NOTICE** that pursuant to the US Copyright Act of 1976, Title 17 U.S.C. § 304(c), and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R § 201.10, the undersigned **SUZANNE MERRILL** being the surviving widow of Bob Merrill (deceased without issue) the author of the lyrics of the musical compositions listed herein below hereby terminates all grants of transfer, assignment, agency, and license or any rights under the subject copyrights, made in and arising out of that certain agreement entered into by and among BOB MERRILL, on the one hand, and ELIOT HYMAN and THE HYMAN TRUSTS, on the other hand, dated December 19, 1963 and sets forth in connection therewith the following.

1. The names and addresses of the grantees, transferees, assignees, successors in title whose rights are being terminated are as follows: **WALTER E. HYMAN,** 1801 Washington Blvd. NW, Lake Placid, FL 33852 and **FREDERICK L. HYMAN,** 38 Eleven o'Clock Road, Weston, CT 06883 and **KENNETH M. HYMAN,** c/o Susan L. Neville, CPA, 830 Poast Road East, Westport, CT 06880. Pursuant to 37 C.F.R. 201.10 service of this Notice of Termination is being made on _Sept. 4_ , 2015 by first class mail to the said successors in title at the addresses shown above.

2. Each work to which this notice of termination applies is as follows:

| Title | Author and Composer | Date Copyright Secured and Renewed | Copyright Reg. No. and Renewal No. |
|---|---|---|---|
| ABSENT MINDED ME - Ms. | Bob Merrill Jule Styne | July 14, 1964 January 9, 1992 February 3, 1992 | Eu 834911 RE 571 030 RE 575 360 |

1

| ABSENT-MINDED ME | Bob Merrill<br>Jule Styne | September 14, 1964<br>January 9, 1992<br>February 3, 1992 | Ep 192140<br>RE 572 907<br>RE 578-603 |
|---|---|---|---|
| FUNNY GIRL - song | Bob Merrill<br>Jule Styne | September 2, 1964<br>January 9, 1992<br>February 3, 1992 | Ep 191744<br>RE 572 901<br>RE 578 421 |
| FUNNY GIRL - Vocal Score | Bob Merrill<br>Jule Styne | December 24, 1964<br>January 9, 1992<br>February 3, 1992 | Ep 196299<br>RE 572 936<br>RE 578 430 |
| "FUNNY GIRL" | Bob Merrill<br>Jule Styne | 1964 | Eu 858787 |
| IF A GIRL ISN'T PRETTY - Ms.<br>- mus. prod. "Funny Girl" | Bob Merrill<br>Jule Styne | April 6, 1964<br>January 2, 1992<br>February 4, 1992 | Eu 818834<br>RE 571 820<br>RE 575 341 |
| I'M THE GREATEST STAR - Ms.<br>- mus. prod. "Funny Girl" | Bob Merrill<br>Jule Styne | November 22, 1963<br>January 18, 1991<br>July 2, 1991 | Eu 801011<br>RE 519 695<br>RE 535 615 |
| CORNET MAN - Ms. - mus. prod.<br>"Funny Girl" | Bob Merrill<br>Jule Styne | November 22, 1963<br>January 18, 1991<br>July 2, 1991 | Eu 801012<br>RE 519 694<br>RE 535 616 |
| CORNET MAN -mus. prod. - "Funny<br>Girl" (contained in "Funny Girl" Vocal<br>Selection) | Bob Merrill<br>Jule Styne | July 17, 1964<br>November 18, 1992 | Ep 190004<br>RE 607 497 |
| WHO TAUGHT HER EVERYTHING<br>- Ms. - mus. prod. - "Funny Girl" | Bob Merrill<br>Jule Styne | April 6, 1964<br>January 2, 1992<br>February 5, 1992 | Eu 818837<br>RE 571 823<br>RE 576 412 |
| HIS LOVE MAKES ME BEAUTIFUL<br>- Ms. - mus. prod. "Funny Girl" | Bob Merrill<br>Jule Styne | April 6, 1964<br>January 2, 1992<br>February 3, 1992 | Eu 818835<br>RE 571 822<br>RE 575 339 |
| I WANT TO BE SEEN WITH YOU<br>TONIGHT - Ms. - mus. prod. "Funny<br>Girl" | Bob Merrill<br>Jule Styne | February 19, 1964<br>January 2, 1992<br>February 4, 1992 | Eu 812161<br>RE 568 336<br>RE 575 540 |

2

| | | | |
|---|---|---|---|
| I WANT TO BE SEEN WITH YOU TONIGHT - mus. prod. "Funny Girl" (contained in "Funny Girl" Vocal Selection) | Bob Merrill Jule Styne | July 17, 1964 February 4, 1992 | Ep 190002 RE 583 686 |
| HENRY STREET - Ms. - mus. prod. "Funny Girl" | Bob Merrill Jule Styne | April 6, 1964 January 2, 1992 February 3, 1992 | Eu 818836 RE 571 821 RE 575 505 |
| HENRY STREET - mus. prod. "Funny Girl" (contained in "Funny Girl" Vocal Selection) | Bob Merrill Jule Styne | July 17, 1964 January 9, 1992 February 3, 1992 | Ep 190003 RE 572 896 RE 578 539 |
| PEOPLE - Ms. - mus. prod. "Funny Girl" | Bob Merrill Jule Styne | November 22, 1963 January 18, 1991 July 2, 1991 | Eu 801013 RE 519 693 RE 535 617 |
| PEOPLE - mus. prod. "Funny Girl" | Bob Merrill Jule Styne | January 20, 1964 February 5, 1992 | Ep 183238 RE 589 722 |
| YOU ARE WOMAN, I AM MAN - Ms. - mus. prod. "Funny Girl" | Bob Merrill Jule Styne | November 22, 1963 January 18, 1991 July 2, 1991 | Eu 801007 RE 519 690 RE 535 611 |
| YOU ARE WOMAN, I AM MAN - Ms. - mus. prod. "Funny Girl" | Bob Merrill Jule Styne | February 19, 1964 January 2, 1992 February 5, 1992 | Eu 812160 RE 568 335 RE 576 101 |
| YOU ARE WOMAN, I AM MAN - mus. prod. "Funny Girl" | Bob Merrill Jule Styne | January 20, 1964 February 5, 1992 | Ep 183239 RE 589 723 |
| DON'T RAIN ON MY PARADE - Ms. - mus. prod. "Funny Girl" | Bob Merrill Jule Styne | November 22, 1963 January 18, 1991 July 2, 1991 | Eu 801010 RE 519 696 RE 535 614 |
| DON'T RAIN ON MY PARADE - mus. prod. "Funny Girl" | Bob Merrill Jule Styne | January 20, 1964 February 3, 1992 | Ep 183236 RE 588 942 |
| SADIE, SADIE, - MARRIED LADY - Ms. - mus. prod. "Funny Girl" | Bob Merrill Jule Styne | February 19, 1964 January 2, 1992 February 5, 1992 | Eu 812164 RE 568 339 RE 575 541 |
| FIND YOURSELF A MAN - Ms. - mus. prod. "Funny Girl" | Bob Merrill Jule Styne | February 19, 1964 January 2, 1992 February 3, 1992 | Eu 812163 RE 568 338 RE 576 835 |

3

| RAT TAT TAT TAT - Ms. <br> - mus. prod. "Funny Girl" | Bob Merrill <br> Jule Styne | April 6, 1964 <br> January 2, 1992 <br> February 5, 1992 | Eu 818833 <br> RE 569 565 <br> RE 575 340 |
| WHO ARE YOU NOW? - Ms. <br> - mus. prod. "Funny Girl" | Bob Merrill <br> Jule Styne | November 22, 1963 <br> January 18, 1991 <br> July 2, 1991 | Eu 801008 <br> RE 519 691 <br> RE 535 612 |
| WHO ARE YOU NOW? <br> - mus. prod. "Funny Girl" | Bob Merrill <br> Jule Styne | March 2, 1964 <br> November 18, 1992 | Ep 185192 <br> RE 597 844 |
| THE MUSIC THAT MAKES ME <br> DANCE- -Ms. - mus. prod. "Funny Girl" | Bob Merrill <br> Jule Styne | November 22, 1963 <br> January 18, 1991 <br> July 2, 1991 | Eu 801009 <br> RE 519 697 <br> RE 535 613 |
| THE MUSIC THAT MAKES ME <br> DANCE - mus. prod. "Funny Girl" | Bob Merrill <br> Jule Styne | January 20, 1964 <br> February 5, 1992 | Ep 183237 <br> RE 589 721 |
| PRIVATE SCHWARTZ - Ms. <br> - mus. prod. "Funny Girl" | Bob Merrill <br> Jule Styne | February 19, 1964 <br> January 2, 1992 <br> February 5, 1992 | Eu 812162 <br> RE 568 337 <br> RE 575 542 |
| IT'S A TEMPORARY <br> ARRANGEMENT - Ms. - mus. prod. <br> "Funny Girl" | Bob Merrill <br> Jule Styne | November 22, 1963 <br> January 18, 1991 <br> July 2, 1991 | Eu 801014 <br> RE 519 692 <br> RE 535 618 |

3. The effective date of termination shall be December 25, 2020.

4. Suzanne Merrill is executing this Notice of Termination as the sole person entitled to exercise the termination interest as to the grant of rights, transfers, and assignments in the Copyrights described herein above. To the best knowledge and belief of the undersigned, this Notice of Termination has been signed by all persons whose signature is necessary to terminate all said grants under Title 17 U.S.C., §304(c).

Dated: *September 3, 2015*

*Suzanne Merrill*
Suzanne Merrill
c/o Clair G. Burrill, Esq.
501 S. Reino Road, Suite 300
Thousand Oaks, CA 91320

4

Certificate of Investigation and Service

I, Clair G. Burrill, certify that before serving the foregoing document described as Notice of Termination, and pursuant to 37 C.F.R. § 201.10 (d), I caused a reasonable investigation to be conducted on behalf of Suzanne Merrill as to the current ownership of the rights being terminated, including a search of the records of the U.S. Copyright Office.

I further certify that on _Sept. 4_ , 2015, pursuant to 37 C.F.R. 201.10, I served this Notice of Termination by first class mail on the successor in title addressed as follows:

**WALTER E. HYMAN**
1801 Washington Blvd. NW
Lake Placid, FL 33852

**FREDERICK L. HYMAN**
38 Eleven o'Clock Road
Weston, CT 06883

**KENNETH M. HYMAN**
c/o Susan L. Neville, CPA
830 Poast Road East
Westport, CT 06880

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed _Sept. 4_ , 2015, at Thousand Oaks, California.

Clair G. Burrill, Esq.
501 S. Reino Road, Suite 300
Thousand Oaks, CA 91320

5

# Certificate of Recordation



This is to certify that the attached document was recorded on the date and in the place shown below.

This certificate is issued under the seal of the United States Copyright Office.

*Maria A. Pallante*

Register of Copyrights, United States of America

September 10, 2015

Date Of Recordation

9911                                    203

Volume                                  Doc. No.

1
2
3
4
5
6
7
8
9
10
11
12                              EXHIBIT C
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Law Offices of**
**CLAIR G. BURRILL, P.C.**
**501 S. Reino Road, Suite 300**
**Thousand Oaks, CA 91320**
**(805) 375-1144 ph  (805) 375-1146 fax**
**ClairBurrill@gmail.com**

January 20, 2021

Kenneth M. Hyman
c/o Susan L. Neville, CPA
830 Post Road East
Westport, CT 06880

Walter E. Hyman
291 Navajo Drive
Oak Hill, FL 32759

Dean F. Hyman
(successor to Frederick L. Hyman)
58A Kelsey Place
Madison, CT 06443

Mark S. Hyman
(successor to Frederick L. Hyman)
119 Sherman Court
Fairfield, CT 06824

Richard E. Hyman
(successor to Frederick L. Hyman)
152 Old Redding Road
Weston, CT 06883

Re: "Funny Girl"

Dear Sirs:

My client, Suzanne Merrill, served upon Walter E. Hyman, Kenneth M. Hyman, Frederick L. Hyman, now deceased, a Notice of Termination dated September 3, 2015 and filed of record with the US Copyright Office on September 11, 2015, effectively terminating the grant made by Bob Merrill to Eliot Hyman and the Hyman Trusts in that certain agreement between Bob Merrill, on the one hand, and Eliot Hyman and the Hyman Trusts, on the other hand, dated December 19, 1963.

The effective date of the termination of the grant was December 25, 2020.

Kenneth M. Hyman, et al.
January 20, 2021
Page Two

As a result of the termination, you no longer have any rights to receive any royalties or other compensation or any other consideration of any kind derived in any manner from Bob Merrill's interest in the stage play "Funny Girl".

Your attention is drawn to that certain Funny Girl agreement dated February 9, 1966 by and among Tams-Witmark Music Library, Inc. ("Tams-Witmark"), on the one hand, and Bob Merrill, Jule Styne, Ray Stark, Isabel Lennart, Eliot Hyman, and Samuel H. Haims, as trustee under the Hyman Trusts, on the other hand.

Demand is hereby made upon you, and each of you, to immediately notify and confirm to Tams-Witmark in writing that you, and each of you, no longer have any rights to receive any royalties or other compensation or any other consideration of any kind under the February 9, 1966 agreement, specifically no right to receive the 8-2/9% royalty referenced at paragraph 6 of that agreement and that your rights to receive any and all of the foregoing have been terminated.

If you do not so notify and confirm to Tams-Witmark in writing as demanded herein by the close of business on Wednesday, January 27, 2021 and provide confirmation by email to me that you have done so, I will advise my client that all steps short of litigation have been taken.

This letter is not an exhaustive statement of my client's legal position in this matter and all of my client's rights and remedies in the premises are specifically reserved.

Very truly yours,

Clair G. Burrill

CGB/id
cc: Suzanne Merrill

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

 Gmail

**Clair Burrill <clairburrill@gmail.com>**

## Re: "Funny Girl" - January 27, 2021 response from the HYMANs

**Richard Hyman** <richardehyman@gmail.com>                                              Wed, Jan 27, 2021 at 11:46 AM
To: ClairBurrill@gmail.com
Cc: Fred Hyman <fhyman@optonline.net>, Ken Hyman <caroline@carolinehyman.co.uk>, Susan Neville
<neville2468@gmail.com>, Linda Hyman <lindajanehyman@gmail.com>, Dean Hyman <dhyman@pagetaft.com>, Mark
Hyman <dealbox@hotmail.com>, Richard Hyman <richardehyman@gmail.com>

Ms. Clair G. Burrill

The Law Offices of Clair G. Burrill, P.C.

501 S. Reino Road, Suite 300

Thousand Oaks, CA 91320

January 27, 2021

Dear Ms. Burrill,

I am Richard Eliot Hyman, the son of Frederick Hyman and grandson of Eliot Hyman.

I have become aware of your letter Re: "Funny Girl", dated January 20, 2021 addressed to Kenneth M. Hyman (c/o Susan
L. Neville, CPA), Walter E. Hyman, Dean F. Hyman, Mark S. Hyman, and myself (the HYMANs).

I have been in touch with the HYMANs and we have discussed and agreed to this response.

On January 20, 2021 you sent the letters regular mail via the USPS. As of yesterday morning, January 26, 2021 only
Walter Hyman had received the letter. Some other letters were received later. As of January 27, I have still not received
the letter.

In response, first, Frederick is not deceased, and the family is deeply offended by your statement. What is your source?

Second, your letter is just as erroneous as the above statement!

The letter demands that we notify and confirm certain false information to Tams-Witmark in writing by the close of
business today, January 27, 2021. We shall not communicate to Tams-Witmark. Furthermore, if you have advised Tams-
Witmark to not pay the HYMANs their due share, we demand that you immediately rescind such instructions and copy us
on your letter doing so.

We refer you to the contents of Frederick L. Hyman's email sent to you on December 31, 2015, which is attached for your convenience. This email explains why your Notice of Termination was then, and is still today, invalid.

Read the memorandum and immediately withdraw your demand and litigation threat.

If you insist on litigation, the HYMANs will hold you and your client responsible for any and all expenses that we incur in this regard.

I look forward to receiving your timely acknowledgement of receipt of this email dated January 27, 2021, and your written retraction of all demands and threats of litigation.

Your actions are unprofessional and a disservice to your client. If you insist on continuing this charade, and abuse of the HYMANs, we will countersue you and your client, to include any of the HYMANs' expenses.

This communication is not an exhaustive statement of our position in this matter and all of our collective rights and remedies in the premises are specifically reserved.

Sincerely,

Richard E. Hyman

cc: Frederick Hyman, Kenneth Hyman, Walter Hyman, Susan Neville, Dean Hyman, Mark Hyman

Attachment 1: 2015 FUNNY GIRL EMAIL

FUNNY GIRL EMAIL 12:21:2015.pdf
(358K)

Richard E. Hyman

152 Old Redding Road

Weston, CT 06883

Office (203) 557-6758

Mobile (203) 456-4271

richardehyman@gmail.com

 **FUNNY GIRL EMAIL 12:21:2015.pdf**
358K