UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SUZANNE MERRILL,
    *Plaintiff*,

v.

FREDERICK L. HYMAN *et al.*,
    *Defendants*.

No. 3:21-cv-551 (JAM)

**ORDER DENYING MOTION FOR STAY**

After I entered judgment in favor of the defendants in this dispute regarding royalties for the popular musical *Funny Girl*, plaintiff Suzanne Merrill moved to stay enforcement of the Court's judgment pending an appeal to the Second Circuit. For the reasons set forth below, I will deny the motion.

**BACKGROUND**

In December 1963, Bob Merrill and Eliot Hyman agreed that Merrill would trade a portion of the royalties he received from writing the Broadway musical *Funny Girl* in exchange for $82,500 from Hyman.[1] In 1966, Merrill and the other creators of *Funny Girl* signed a deal with Tams-Witmark Music Library ("Tams").[2] Tams would sell licenses to produce *Funny Girl*, collect royalties, and distribute the proceeds to the creators after taking its own cut.[3] In 2015, Bob's widow Suzanne Merrill attempted to terminate the December agreement her husband made and asked Tams to redirect the Hyman family's royalties to her.[4] The Hymans objected and both parties sued each other.[5] Tams is now holding the disputed royalties in escrow.[6]

---

[1] Doc. #37-2 at 2–4.
[2] Doc. #22-1 at 17–37.
[3] *Id*. at 19–23.
[4] Doc. #22-1 at 11, 39–40; Doc. #37-3.
[5] Doc. #22 (Merrill's complaint); Doc. #26 (Hymans' answer and counterclaims).
[6] Doc. #43-2 at 6–12.

In October 2022, I determined that Merrill had no right to cancel her late husband's royalty deals. *See Merrill v. Hyman*, 2022 WL 11727631, at *1 (D. Conn. 2022). I granted summary judgment to the Hymans as to their claims for declaratory relief, breach of contract, and permanent injunctive relief, but dismissed as moot the Hymans' tortious interference claim. *Id*. at *3. Further, I ordered Merrill to "forthwith advise Tams of this Court's ruling and revoke her termination notice and instruct Tams to release and resume royalty payments to the Hymans." *Ibid*.

In November 2022, Merrill moved to stay enforcement of the judgment pending her appeal to the Second Circuit.[7] Pursuant to her motion, Merrill offers to post a supersedeas bond of $150,000.[8] If royalties were to significantly increase or decrease, Merrill proposes that either side could petition the Court for a modification of the bond amount.[9] The defendants oppose a stay.[10]

## DISCUSSION

Federal Rule of Civil Procedure 62 governs stays of civil proceedings in federal court. But the parties disagree whether Rule 62(b) or Rule 62(d) controls. Rule 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Rule 62(d) provides that while an appeal of an injunction is pending, "the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

Rule 62(b) applies to stays of money judgments while Rule 62(d) applies to stays of injunctions. *See Gulino v. Bd. of Educ. of City Sch. Dist. of City of N.Y.*, 2019 WL 2454094, at

---

[7] Doc. #61; *see also* Doc. #59 (notice of appeal).
[8] Doc. #61 at 2.
[9] *Id.* at 3.
[10] Doc. #63.

*1 (S.D.N.Y. 2019) (citing *Centauri Shipping Ltd. v. Western Bulk Carriers KS*, 528 F. Supp. 2d 186, 188 (S.D.N.Y. 2007) (Sullivan, J.)).[11]

Merrill posits that Rule 62(b) governs at least part of her motion because I entered judgment on Count One of the Hymans' counterclaims (breach of contract), and a breach of contract claim is a claim for money damages.[12] But Merrill is mistaken. "In determining the correct subsection of Rule 62 to apply, courts consider whether the underlying judgment requires a party to do or perform an act, rather than simply pay a calculable amount of money." *Ibid*. Although the Hymans sought money damages on Count One, I awarded no money damages.[13] Instead, I required Merrill to perform an act: "Merrill shall forthwith advise Tams of this Court's ruling and revoke her termination notice and instruct Tams to release and resume royalty payments to the Hymans." *Merrill*, 2022 WL 11727631, at *3. Orders directing the release of funds in escrow are injunctions, not monetary judgments. *See, e.g.*, *HC Trading Int'l Inc. v. Crossbow Cement, SA*, 2009 WL 4931341, at *1 (S.D.N.Y. 2009); *see also Everspeed Enterprises Ltd. Pte. Ltd. v. Skaarup Fortune Shipping Ltd.*, 2010 WL 1541420, at *1 (S.D.N.Y. 2010) ("In this case, there has been no monetary judgment, but rather an order directing the release of attached funds."); *Centauri Shipping*, 528 F. Supp. 2d at 189 ("[P]laintiff's motion should be analyzed under [Rule 62(d), formerly Rule 62(c)] because the *vacatur* effectively 'lifted an injunction' which provided for the attachment of defendants' assets, *see* [Rule 62(d)], and ordered plaintiff 'to do' an affirmative act—namely, to return the surety bond to defendant.").

---

[11] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.
[12] Doc. #65 at 2.
[13] *See* Doc. #26 at 12 (¶ 1); Doc. #56 at 6–7.

Because the relief I granted was injunctive, Rule 62(d) governs whether to stay the judgment. Therefore, I will not consider the adequacy of Merrill's proposed bond under Rule 62(b). Instead, I will consider the four factors courts use when determining whether to issue a stay pending appeal under Rule 62(d):

(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

*29 Main St. LLC v. United States Postal Serv.*, 2022 WL 2374132, at *1 (D. Conn. 2022) (quoting *In re World Trade Center Disaster Site Litig.*, 503 F.3d 167, 170–71 (2d Cir. 2007)). A stay is "an exercise of judicial discretion," and "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). In my view, Merrill has not carried her burden to show that a stay is justified under the four-factor test.

First, Merrill has not made a strong showing that she will succeed on the merits. Indeed, she has not made any showing of success on the merits, either in her motion or her reply to Hymans' response. She notes that "[t]he grounds for the appeal are judicial error and abuse of discretion," but does not explain how the Court erred or abused its discretion.[14] Failing to show likelihood of success on the merits counsels against granting a stay. *See, e.g.*, *Leroy v. Hume*, 563 F. Supp. 3d 22, 28 (E.D.N.Y. 2021); *Gulino*, 2019 WL 2454094, at *3.

---

[14] Doc. #61 at 2.

4

The second factor is irreparable injury to the movant absent a stay. Merrill argues that once she revokes her Notice of Termination, "she could never reinstate it even if successful on appeal."[15] The Hymans argue that she can, in fact, reinstate a timely termination notice, but Merrill counters that she cannot because under 17 U.S.C. § 304(c)(4)(A) a reinstatement after November 22, 2022 would be untimely.[16] But even if she could not reinstate the Notice, Merrill can sue the Hymans to recover the funds if she prevails on appeal. Indeed, Merrill acknowledges that she may do so.[17] When a party can eventually recover funds from a counterparty, courts do not ordinarily deem the loss of funds to be irreparable. *See Philip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1304 (2010); *U.S. Sec. & Exch. Comm'n v. Ahmed*, 2020 WL 4333570, at *6 (D. Conn. 2020). Because Merrill has not shown that she will be irreparably injured by the Court's judgment, this factor weighs against granting a stay. *See, e.g.*, *Gulino*, 2019 WL 2454094, at *4; *Miller v. City of Ithaca*, 2019 WL 1470249, at *2–3 (N.D.N.Y. 2019).

The third factor is whether the Hymans will be substantially injured by a stay. The Hymans argue that staying enforcement will hinder them from recouping their legal expenses and funding their opposition to Merrill's appeal.[18] But the Hymans do not demonstrate how staying enforcement of the injunction would actually prevent them from eventually recouping their expenses or from being able to oppose Merrill's appeal, even if the Hymans are correct that the *Funny Girl* royalties are in fact greater than was believed during the summary judgment phase of the litigation.[19] They do not assert, for instance, that they will be unable to proceed on

---

[15] *Ibid.*
[16] Doc. #63 at 5–6; Doc. #65 at 3–4.
[17] Doc. #65 at 5.
[18] Doc. #63 at 6–7.
[19] *Id.* at 6.

appeal without the release of the *Funny Girl* royalties held by Tams. Factor three does not weigh strongly in favor of or against granting a stay.

The fourth factor considers where the public interest lies. The dispute is between two private parties, and neither side makes a strong case that the public has an interest in the outcome. Beyond a brief reference to public policy "weigh[ing] against futile appeals and gamesmanship," the Hymans do not demonstrate how the public interest counsels against a stay.[20] And Merrill does not address this factor at all. Factor four therefore does not weigh strongly in favor of or against granting a stay. *See In re Caires*, 2020 WL 772815, at *2 (D. Conn. 2020) ("As to the fourth factor (the public interest), the dispute here is between private parties. This factor is neutral.").

Because the first and second factors weigh against a stay and the third and fourth factors are neutral, Merrill has not carried her burden of justifying a stay. *See, e.g.*, *In re Citibank Aug. 11, 2020 Wire Transfers*, 2021 WL 1905002, at *6 (S.D.N.Y. 2021); *Republic of Turkey v. Christie's Inc.*, 2021 WL 4596516, at *3 (S.D.N.Y. 2021); *Up State Tower Co., LLC v. Town of Kiantone*, 2020 WL 1909981, at *4 (W.D.N.Y. 2020).

## CONCLUSION

For the reasons set forth above, the Court DENIES the plaintiff's motion to stay enforcement of the Court's judgment (Doc. #61).

It is so ordered.

Dated at New Haven this 9th day of March 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[20] *Id.* at 7.